■    In the Matter of the Claim of CHARLES SCHWEITZER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective September 23, 1974 because he voluntarily left his employment without good cause, charging claimant with an overpayment of $150 ruled to be recoverable, and imposing a forfeiture of eight effective penalty days for filing a willful false statement. Claimant sold his 50% stockholding in the employer corporation, a retail hardware store, and resigned his job, and received in exchange title to a piece of real estate from his brother-in-law, who owned the remainder of the company stock. When claimant applied for benefits he stated that he left his employment because "things were slow" and it was not until the hearing that claimant asserted that his presence was necessary to care for his wife who had suffered a heart attack. Claimant and his wife moved from their former residence in Yorktown Heights to the acquired property in Sharon Springs after the exchange in September, 1974. The referee, in a decision affirmed by the board, found claimant's assertion that he left his job to care for his wife to be an afterthought and this determination is supported by substantial evidence. Claimant testified that his wife did not need his care at the time of the hearing in December of 1974 and also testified that he had been told by her doctor that he could work full time in September, the month in which the exchange of stock for real estate was transacted. Despite claimant's testimony that their residence in Yorktown Heights was unsuitable because of claimant's wife's physical condition, there is no evidence that claimant attempted to look for a new residence near his business. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.